UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
                                 :
UNITED STATES OF AMERICA        :
                                 :   S1 07 Cr. 576 (RJS)
        - v. -              :
                                 :
JOSE FRANCISCO MENDOZA, et al.   :
                                 :
        Defendants.       :
                                 :
- - - - - - - - - - - - - - - - - -x


## GOVERNMENT'S OPPOSITION TO DEFENDANT MENDOZA'S
## MOTION FOR RECUSAL AND/OR DISQUALIFICATION


 

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for the United States
    of America


Marshall A. Camp
Rua M. Kelly
Assistant United States Attorneys
    - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
                                    :
UNITED STATES OF AMERICA            :
                                    :    S1 07 Cr. 576 (RJS)
        - v. -                      :
                                    :
JOSE FRANCISCO MENDOZA, et al.      :
                                    :
            Defendants.             :
                                    :
- - - - - - - - - - - - - - - - - -x

### INTRODUCTION

        Defendant Jose Francisco Mendoza ("defendant") moves
for the Court's recusal on the following grounds: (1) the Court
harbors a bias or prejudice against defendant's counsel, Ramon W.
Pagan; and (2) the Court served as counsel for the Government
during the investigation of this matter.  Defendant's motion is
procedurally defective and substantively meritless, and it should
be denied.

        First, to disqualify an assigned judge on the basis of
potential bias or prejudice, the applicable statute requires that
the grounds for recusal be set forth in an affidavit of the <u>party</u>
asserting bias – that is, the person who may be affected by the
case's outcome.  Defendant's motion is supported solely by an
affidavit of <u>counsel</u>, which does not suffice.  Moreover,
potential bias or prejudice against an attorney, as alleged here,
does not justify disqualification of a judge in any case, much
less every case, in which the attorney appears before that judge.
In addition, the affidavit relies on inaccurate speculation as to

the alleged grounds of bias or prejudice by the Court.

Second, the Court did not serve as counsel for the Government during either the investigation or prosecution of this matter.

Accordingly, the Court is respectfully urged to deny the motion.

**FACTUAL BACKGROUND**

The Grand Jury returned the Indictments in this matter on August 14, 2007. The Indictments charge the defendant and others with conspiring, from at least December 2005 until at least in or about mid-2007, to violate the narcotics laws of the United States.

At the September 5, 2007 pre-trial conference in this matter, Ramon W. Pagan, attorney for defendant Jose Francisco Mendoza, stated his intention to file a motion to recuse the Honorable Richard J. Sullivan from presiding in these proceedings, at least with respect to Mr. Mendoza. The instant motion to recuse and/or disqualify this Court was filed on September 21, 2007.

Your Honor served as an Assistant United States Attorney for the Southern District of New York from 1994 through on or about July 5, 2005. The instant motion seeks recusal on the grounds that, during Your Honor's tenure as an Assistant United States Attorney, Your Honor may have investigated Mr.

Pagan and thus may harbor a bias against him.  The motion principally relies for this claim on the following allegations: (1) during Your Honor's tenure with the U.S. Attorney's Office for the Southern District of New York ("this Office"), Your Honor was assigned to investigations and/or prosecutions of Pascual Stiso and Manuel A. Sanchez, Jr., which may have given rise to an investigation of Ramon W. Pagan; (2) in December 2002, during Your Honor's tenure with this Office, a search warrant prepared by this Office was executed on the law offices of Ramon W. Pagan; and (3) Your Honor may have served in this Office while the matters at issue in this proceeding were being investigated, and Your Honor may thus have served as counsel with respect to those matters.  <u>See</u> Mot. at 3-4; Sept. 20, 2007 Aff. of Ramon W. Pagan ("Pagan Aff.") ¶¶ 5-13.

        With respect to these allegations, undersigned counsel for the Government made good faith inquiries regarding the relevant facts.  Based upon these inquiries, undersigned counsel is not aware that Your Honor conducted or participated in any investigation of Mr. Pagan arising from the Stiso or Sanchez matters.  Undersigned counsel did determine that Your Honor was consulted in a supervisory role about an issue, not related to the Stiso or Sanchez matters, that ultimately led to the December 2002 search warrant.  Finally, undersigned counsel learned that this Office's investigation in this matter began in or about

December 2005, approximately four months after the conclusion of Your Honor's tenure with this Office.

DISCUSSION

I.   **The Defendant's Motion For Recusal On The Grounds Of Bias Or Prejudice Is Both Procedurally Defective And Substantively Meritless**

The motion to disqualify the Court on the basis of potential prejudice or bias should denied on both procedural and substantive grounds.  First, the motion should be denied because it is not supported by an affidavit of the defendant, as required by law.  Second, it should be denied because the only potential bias is against the defendant's lawyer, which is not a basis for recusal.

A.   **Applicable Law**

Motions for recusal based on bias or partiality are governed by Title 28, United States Code, Section 455, which provides, in relevant part:

> (a)  Any . . . judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b)  He shall also disqualify himself in the following circumstances:
>
>    (1)  Where he has a personal bias or prejudice concerning a party . . .

Section 144 of Title 28 requires that any claim of bias or prejudice be raised via a timely affidavit of the "party" against whom the bias is alleged.

-4-

Once a recusal motion is made, a district judge is not automatically disqualified; rather, the judge must first determine whether the alleged facts involve sufficient allegations of improper judicial conduct to warrant a hearing. United States v. Rivera, 802 F.2d 593, 601 (2d Cir. 1986). Where the allegations of bias are insufficient, a court may deny a recusal motion without a hearing and without answering questions posed by the moving party. United States v. El-Gabrowny, 844 F. Supp. 955 (S.D.N.Y. 1994) (Mukasey, J.). The standard for recusal under both sections 144 and 455(b)(1) is whether "an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal. . . ." United States v. Yousef, 327 F.3d 56, 169 (2d Cir. 2005); accord United States v. Lovaglia, 954 F.2d 811, 815 (2d Cir. 1992); see also Apple v. Jewish Hospital and Medical Center, 829 F.2d 326, 333 (2d Cir. 1987) (standard for recusal same under sections 144 and 455(b)(1)). If, when evaluated on the required objective basis, it is revealed that a case involves "'remote, contingent, indirect or speculative interests,'" the inquiry is over and disqualification is not required. In re Aguinda, 241 F.3d 194, 201 (2d Cir. 2001) (quoting Lovaglia, 954 F.2d at 815). As the Court of Appeals explained:

> In deciding whether to recuse himself, the
> trial judge must carefully weigh the policy

-5-

> of promoting public confidence in the
> judiciary against the possibility that those
> questioning his impartiality might be seeking
> to avoid the adverse consequences of his
> presiding over their case. Litigants are
> entitled to an unbiased judge, not to a judge
> of their choosing.  A judge is as much
> obliged not to recuse himself when it is not
> called for as he is obliged to when it is.

In re Drexel Burnham Lambert, Inc., 861 F.2d 1307, 1312 (2d Cir.

1988); see also In re Matter of Nat'l Union Fire Insur. Co., 839

F.2d 1226, 1229 (7th Cir. 1988) ("Judges have an obligation to

litigants and their colleagues not to remove themselves

needlessly.").  Finally, because the district judge "is in the

best position to appreciate the implications of those matters

alleged in a recusal motion," reversal of a judge's decision not

to grant a recusal motion is an "extraordinary remedy," which

requires a showing that the judge "indisputably abused [his or

her] discretion." Id.

   **B.  Analysis**

       Defendant's motion is not supported by an affidavit of

a "party," and should therefore be denied.  "Affidavits filed

under Section 144 are to be strictly scrutinized for form and

timeliness[.]" United States v. Johnpoll, 748 F. Supp. 86, 88

(S.D.N.Y. 1990) (Carter, J.) (citing United States v. Womack, 454

F.2d 1337, 1341 (5th Cir. 1972)); see also Williams v. New York

City Housing Authority, 287 F. Supp. 2d 247, 249 (S.D.N.Y. 2003)

(Ellis, J.) (recusal motion may be denied for deficiency as to

form).  Section 144 requires that a motion for recusal be

supported by a timely affidavit from the "party" against whom a

personal bias or prejudice is alleged to exist.  As Judge Kaplan

noted:

> The statute means what it says--the
> allegation of bias must be made in an
> affidavit signed by the party, who must
> attest that the judge harbors a personal bias
> or prejudice against the party or in favor of
> an adversary. . . . [T]here are sound reasons
> for this requirement of an affidavit from the
> party, not the attorney.  The decision
> whether to seek to recuse a judge ought to be
> made by the person whose interests are at
> stake in the lawsuit, the litigant. And the
> decision ought to be based on the party's
> well founded belief that the party cannot get
> a fair trial, not counsel's belief that the
> Court does not think well of counsel.

Universal City Studios, Inc. v. Reimerdes, 104 F. Supp. 2d 334,

348 (S.D.N.Y. 2000) (citing United States ex rel. Wilson v.

Coughlin, 472 F.2d 100, 104 (7th Cir. 1973), Giebe v. Pence, 431

F.2d 942, 943 (9th Cir. 1970), and Paschall v. Mayone, 454 F.

Supp. 1289, 1299-1301 (S.D.N.Y. 1978) (Carter, J.)).  Defendant's

motion is supported solely by an affidavit of defendant's

attorney.  This defect alone warrants denial of the motion.

        The motion should be denied for the further reason that

it lacks any allegations of bias against the defendant.  Indeed,

the motion's reliance on an affidavit of counsel is hardly

surprising: the affidavit alleges only that the Court harbors a

potential bias or prejudice against counsel, which does not

justify recusal.  "[B]ias against a lawyer, even if found to
exist, without more is not bias against [his or her] client
. . . ."  <u>In re Drexel Burnham Lambert, Inc.</u>, 861 F.2d at 1314;
<u>see also</u> <u>Draper</u> v. <u>Reynolds</u>, 369 F.3d 1270, 1279 (11th Cir. 2004)
(same).  "The statute explicitly requires a personal bias or
prejudice for or against a party, not an attorney.  Indeed, it
quite carefully distinguishes between required submissions by the
party (the affidavit of prejudice) and by its counsel (the
certificate of good faith)."  <u>Universal Studios, Inc.</u>, 104 F.
Supp. 2d at 348.  Were the rule otherwise, a judge would be
required to disqualify himself or herself from every case in
which the attorney alleging bias might appear, and any party
wishing to replace the judge could simply retain that attorney.
Indeed, counsel's affidavit concedes precisely such a position –
that this Court "may not be impartial in <u>any matter</u> for which I
am counsel . . . ."  Pagan Aff. ¶ 13 (emphasis added).  "Read
broadly, this peremptory challenge type approach would bid fair
to decimate the bench.  Lawyers, once in controversy with a
judge, would have a license under which the judge would serve at
their will."  <u>Davis</u> v. <u>Board of School Comm'rs</u>, 517 F.2d 1044,
1050 (5th Cir. 1975).

        Defendant's motion for disqualification on the grounds
of bias or prejudice should thus be denied both for failure to
include an affidavit of a party and failure to allege bias

-8-

against a party.[1]

## II.  __The Defendant's Motion To Disqualify The Court On The Ground Of Service As Counsel In This Matter Should Be Denied As Unfounded__

The defendant also moves to disqualify this Court on the ground that the Court "was counsel for the government during the investigation of this matter." Mot. at 3. The Court served no such role and the motion should be denied.

Section 455 provides that a judge should recuse himself where "he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy." 28 U.S.C. § 455(b)(3). The indictments in this case were filed on or about August 14, 2007. This matter is the result of an investigation that was brought to this Office in approximately December 2005. The Court left this Office's employment on or about July 4, 2005. Because the Court's employment with the Government ended months

---

[1]    While a judge's bias against an attorney does not require recusal, the Government further submits that it is not aware of any bias or prejudice by this Court against Mr. Pagan. As set forth above, the Government is not aware that Your Honor, during Your tenure as an Assistant United States Attorney, conducted any investigation of Ramon W. Pagan with respect to the Stiso and/or Sanchez matters. The Government is aware that Your Honor was consulted regarding an issue that ultimately led to a December 2002 search warrant executed on the office of Ramon W. Pagan. The Government has no reason to believe that this consultation biased or prejudiced Your Honor against Mr. Pagan, even were such potential bias relevant to a recusal motion.

before this Office's investigation began, and more than two years
before this proceeding was initiated, the Court plainly did not
"participate[] as counsel, adviser or material witness" for the
Government in this proceeding.  In addition, the Government is
unaware of any opinion expressed by Your Honor concerning the
merits of this case.[2]  Accordingly, the motion should be denied.

---

[2]    The motion curiously asserts not just that the Court
was employed by the Government at the time this matter was
investigated, but that the Court may also have "had contact
with[] the United States Attorney's Office for the Southern
District at the time this matter was first being investigated."
Mot. at 4 (emphasis added).  Aside from formal communications in
connection with this case, the Government is not aware of any
contact between Your Honor and the Government regarding the
investigation that led to these proceedings.  While Your Honor
undoubtedly has had "contact" with members of this Office since
leaving its employ in July 2005, a judge's social contacts with
attorneys for the Government, or any other attorneys, clearly do
not require recusal of that judge in cases in which such
attorneys appear.

-10-

**CONCLUSION**

For the foregoing reasons, the Government respectfully requests that the defendant's motion for recusal and/or disqualification be denied.

Dated:     October 5, 2007
           New York, New York

                              MICHAEL J. GARCIA
                              United States Attorney
                              Southern District of New York

                               s/ Marshall Camp
                    By:    _____
                              Marshall A. Camp / Rua M. Kelly
                              Assistant United States Attorneys
                              Tel.: (212) 637-1035 / -2471

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
                                    :
UNITED STATES OF AMERICA            :      **CERTIFICATION OF COUNSEL**
                                    :
          - v. -                    :      S1 07 Cr. 576 (RJS)
                                    :
JOSE FRANCISCO MENDOZA, et al.      :
                                    :
              Defendants.           :
                                    :
- - - - - - - - - - - - - - - - - -x

          MARSHALL A. CAMP, an Assistant United States Attorney

in the Southern District of New York, hereby certifies under

penalty of perjury as follows: The statements of fact contained

in the GOVERNMENT'S OPPOSITION TO DEFENDANT MENDOZA'S

MOTION FOR RECUSAL AND/OR DISQUALIFICATION are true and correct

to the best of my knowledge.

Dated:    October 5, 2007
          New York, New York


                         s/ Marshall Camp
              By: _____
                  Marshall A. Camp
                  Assistant United States Attorney
                  Tel.: (212) 637-1035


-12-